UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROBERT S. BLAKE<br>562 Elm Court<br>Westerville, Ohio 43028<br><br>    Plaintiff,<br><br>vs.<br><br>WELLS FARGO BANK, NA<br>3476 Stateview Boulevard<br>Fort Mill, South Carolina  29715,<br><br>CENTURY MORTGAGE COMPANY OF KENTUCKY, dba CENTURY LENDING COMPANY<br>c/o CT Corporation System<br>1300 East Ninth Street<br>Cleveland, Ohio 44114,<br><br>APR MORTGAGE CORPORATION<br>5440 Northcrest Lane #9<br>Cincinnati, Ohio 45247,<br><br>LANDSTAR TITLE, LLC<br>7681 Tylers Place Boulevard #3<br>West Chester, Ohio 45069,<br><br>PROMINENT TITLE AGENCY, LLC<br>7681 Tylers Place Boulevard Suite 4<br>West Chester, Ohio 45069,<br><br>    Defendants. | Civil Case Number:  2:12-cv-467<br><br>Judge:<br><br>Magistrate Judge:<br><br><br><br><br><br><br><br><br><br><br><br>**JURY DEMAND ENDORSED HEREON** |

**COMPLAINT FOR MONEY DAMAGES AND OTHER RELIEF**

1

**I.     PRELIMINARY STATEMENT**

1. Plaintiff institutes this action for rescission, termination of Defendant's security interest in Plaintiff's property, return of any and all money paid to Defendants, actual damages, statutory damages, attorneys fees, and the costs of this action for violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, (hereinafter "TILA") and Federal Reserve Board Regulation Z, 12 C.F.R. § 226, promulgated pursuant thereto; and damages under the Ohio Mortgage Broker Act, R.C. Chapter 1322; breach of fiduciary duty; and civil aiding and abetting.

**II.    JURISDICTION**

2. This Court has jurisdiction over this matter pursuant to the Truth in Lending Act, 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331 and 1337.

3. This Court also has jurisdiction over claims arising under Ohio law pursuant to 28 U.S.C. § 1367.

**III.   PARTIES**

4. Plaintiff Robert S. Blake is a natural person currently residing within this Court's jurisdiction at 562 Elm Court, Westerville, Delaware County, Ohio 43028.

5. Plaintiff is a single person who has an interest in his primary residence located at 562 Elm Court, Westerville, Ohio 43028.

6. Plaintiff was and is a **consumer** within the meaning of TILA at 15 U.S.C. § 1602(i) at all times relevant to this transaction.

7. Defendant Wells Fargo Bank, N.A. ("Wells Fargo") is a company organized in the State of Delaware with its principal place of business in the State of South Carolina.

8. Wells Fargo was and is a **person** within the meaning of TILA at 15 U.S.C. § 1602(d) at all times relevant to this transaction, as it is an organization.

9. Wells Fargo was and is a **creditor** within the meaning of TILA at 15 U.S.C. § 1602(f) at all times relevant to this transaction, as it regularly extends consumer credit payable by agreement in more than four installments and for which payment of a finance charge is required.

10. Defendant Century Mortgage Company of Kentucky, dba Century Lending Company ("Century Mortgage") is a company organized in the Commonwealth of Kentucky, and registered to transact business in the State of Ohio.

11. Century Mortgage was and is a **person** within the meaning of TILA at 15 U.S.C. § 1602(d) at all times relevant to this transaction, as it is an organization.

12. Century Mortgage was and is a **creditor** within the meaning of TILA at 15 U.S.C. § 1602(f) at all times relevant to this transaction, as it regularly extends consumer credit payable by agreement in more than four installments and for which payment of a finance charge is required.

13. Defendant APR Mortgage Corporation ("APR") is a company organized in the State of Ohio.

14. APR was and is a **person** within the meaning of TILA at 15 U.S.C. § 1602(d) at all times relevant to this transaction, as it is an organization.

15. APR was and is a **creditor** within the meaning of TILA at 15 U.S.C. § 1602(f) at all times relevant to this transaction, as it regularly extends consumer credit payable by agreement in more than four installments and for which payment of a finance charge is required.

16. At all times relevant to this transaction, APR was and is a mortgage broker, as defined in R.C. 1322.01(G)(1), as it holds itself out as being able to assist a buyer in obtaining a

mortgage and charges the buyer and/or lender money or other valuable consideration for providing this assistance.

17. Defendant Landstar Title, LLC ("Landstar") is a company organized in the State of Ohio.

18. Defendant Prominent Title Agency, LLC ("Prominent") is a company organized in the State of Ohio.

## IV.   FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

19. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully re-written herein.

20. On or about December 1, 2009, Plaintiff executed a promissory note and a mortgage for the purpose of creating **security interest** in his **principal dwelling** located at 562 Elm Court, Westerville, Ohio 43028.  Copies of the note and mortgage are attached as Exhibits A and B.

21. The December 1, 2009 transaction, whereby Plaintiff executed a promissory note and mortgage, was and is a **consumer credit transaction** within the meaning of TILA, 15 U.S.C. § 1602 and Regulation Z § 226.2(a)(12), as the credit was extended to Plaintiff for personal, family, and household purposes at all relevant times.

22. The December 1, 2009 transaction was and is also a **federally related mortgage loan,** as defined in 12 U.S.C. § 2602(1), at all relevant times.

23. Upon information and belief, Landstar, APR, Century Mortgage, and Prominent engaged in an affiliate relationship with each other, sharing profits from the real estate settlement, and created an **affiliated business arrangement** as defined in 12 U.S.C. § 2602(7).

24. Landstar, APR, Century Mortgage, and Prominent failed to inform Plaintiff of their affiliated business arrangement, pursuant to 24 C.F.R. § 3500.15(b)(1).

4

25. Accordingly, all monies exchanged between APR, Landstar, Century Mortgage, and Prominent were illegal kickbacks in violation of 12 U.S.C. § 2607(a).

26. On May 2, 2012, Plaintiff notified Wells Fargo, via certified mail, he was cancelling his mortgage loan transaction pursuant to TILA and Regulation Z. A copy is attached as Exhibit C.

## V. FIRST COUNT – TRUTH IN LENDING ACT - RESCISSION

27. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully re-written herein.

28. Defendant Century Mortgage had to **accurately** disclose to Plaintiff the finance charge associated with Plaintiff's December 1, 2009 mortgage loan transaction.  12 C.F.R. § 226.18(d).

29. Century Mortgage was only permitted to exclude certain real estate related fees from the disclosed finance charge if they were both bona fide and reasonable in amount.  12 CFR § 226.4(c)(7).

30. The monies exchanged between APR, Landstar, Prominent, and Century Mortgage constituted illegal kickbacks, in violation of 12 U.S.C. § 2607(a), and the title services, insurance, and other fees charged to Plaintiff for his real estate settlement were neither bona fide nor reasonable real estate related fees.

31. Thus, Century Mortgage was not permitted to exclude these fees from its calculation and disclosure of the finance charge associated with Plaintiff's December 1, 2009 mortgage loan transaction.

32. Accordingly, Century Mortgage had understated the finance charge it was required to disclose to Plaintiff by $1,321.50, and this understatement exceeded allowable tolerances,

rendering it materially **inaccurate**.  12 C.F.R. § 226.18(d)(1)(i); 12 C.F.R. § 226.23(g)(1)(i); and 12 CFR § 226.23(h)(2)(i).

33. Wells Fargo knew or should have known of this materially inaccurate disclosure, as it was evident from the face of the documents surrounding the mortgage loan transaction.

34. The December 1, 2009 transaction was subject to Plaintiff's right of rescission pursuant to 15 U.S.C. § 1635 and 12 CFR § 226.23.

35. Plaintiff has a continuing right to rescind the December 1, 2009 loan transaction until the third business day after he receives all material disclosures, for up to three years after consummation of the transaction, pursuant to 15 U.S.C. § 1635(a) and (f) and 12 C.F.R. § 226.23(a)(3).

36. By Defendants failing to provide Plaintiff with an accurate disclosure of the finance charge, Plaintiff's right of rescission ends December 1, 2012.

37. On May 2, 2012, Plaintiff, through counsel, rescinded the transaction by mailing his executed notice to Wells Fargo Bank, N.A., at the address listed in the caption of this Complaint.  (Ex. C.)  Plaintiff reaffirms his rescission here.

38. Plaintiff expended time, effort, and incurred expenses for materials, services, photocopies, and postage in the amount of $314.45 in connection with preparing and mailing his letter of May 2, 2012.

39. On or about May 7, 2012, Wells Fargo received Plaintiff's May 2, 2012 letter.

40. Wells Fargo failed to honor Plaintiff's rescission within 20 days of receipt because it failed to return to Plaintiff all money or property he had given to Wells Fargo and its predecessors, as provided for in 15 U.S.C. § 1635(b).

41. As a result of Wells Fargo's failure to honor Plaintiff's rescission, a violation of the Truth in Lending Act and Regulation Z, Wells Fargo is liable to Plaintiff for: rescission of the transaction pursuant to 15 U.S.C. § 1635(b); termination of any security interest in Plaintiff's property created by the transaction pursuant to 15 U.S.C. § 1635; cancellation of the note; return of any money or property given by Plaintiff to anyone, including Wells Fargo, in connection with this transaction, pursuant to 15 U.S.C. § 1635(b); actual damages in the amount of $314.45 pursuant to 15 U.S.C. § 1640; and attorneys fees and the costs of this action pursuant to 15 U.S.C. § 1640.

## VI. SECOND COUNT– TILA DAMAGES – FAILURE TO HONOR RESCISSION

42. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully re-written herein.

43. Wells Fargo knew or should have known of this materially inaccurate disclosure, as it was evident from the face of the documents surrounding the mortgage loan transaction. 15 U.S.C. § 1641(e).

44. Wells Fargo's failure to comply with 15 U.S.C. §§ 1635(a) and 1635(b) causes it to be liable under this Count to Plaintiff for damages under 15 U.S.C. § 1640 for: actual damages in the amount of $314.45; between $400 and $4,000 in statutory damages; $64,610.62 in finance charges; the costs of this action; and attorneys fees.

## VII. THIRD COUNT – OHIO MORTGAGE BROKER ACT

45. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully re-written herein.

46. Upon information and belief, APR, Landstar, Prominent, and Century Mortgage had undisclosed affiliated business arrangements and had paid one another illegal kickbacks, in violation of 12 U.S.C. § 2607(a).

47. Again, during all relevant times, APR was and is a mortgage broker under R.C. 1322.01(G)(1).

48. APR's failure to exclude the illegal kickbacks from the amounts charged to Plaintiff in the settlement of his mortgage loan transaction constituted a failure to make a reasonable effort to obtain a residential mortgage loan with rates, charges, and repayment terms advantageous to Plaintiff.  R.C. 1322.081(A)(5).

49. APR's failure to exclude such illegal kickbacks from the amounts charged to Plaintiff in the settlement of his mortgage loan transaction constituted a failure to act in good faith and fair dealing in a transaction in connection with a residential mortgage loan.  R.C. 1322.081(A)(4).

50. Accordingly, APR is liable to Plaintiff for damages in the amount of $5,513.02; plus the value of the claims in Plaintiff's First and Second Counts; attorneys fees; punitive damages; and the costs of this action.  R.C. 1322.081(D).

## VIII.   FOURTH COUNT – BREACH OF FIDUCIARY DUTY

51. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully re-written herein.

52. APR, as a mortgage broker, owed a fiduciary duty to Plaintiff.

53. By APR engaging in the activities that led to illegal kickbacks; sharing profits with Landstar, Prominent, and Century Mortgage; and failing to exclude the illegal kickbacks from the amounts Plaintiff paid in connection with the settlement of his mortgage loan transaction, APR breached its fiduciary duty.

54. As a result of APR's breach of its fiduciary duty to Plaintiff, APR proximately caused Plaintiff to suffer the damages alleged herein.

55. Accordingly, APR is liable to Plaintiff for damages in the amount of $5,513.02; the value of the claims in Plaintiff's First and Second Counts; punitive damages; and the costs of this action.

## IX. FIFTH COUNT – CIVIL AIDING AND ABETTING

56. Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully re-written herein.

57. Century Mortgage, Landstar, and Prominent knew of the profit sharing and illegal kickbacks connected to Plaintiff's mortgage loan transaction in which APR was participating.

58. Century Mortgage, Landstar, and Prominent knew APR's participation in profit sharing, receipt of illegal kickbacks, and failure to prevent such actions were violations of the Ohio Mortgage Broker Act and APR's fiduciary duty to Plaintiff.

59. Century Mortgage, Landstar, and Prominent, though their participation in the profit sharing and illegal kickbacks, provided substantial assistance and/or encouragement to APR while APR breached its duties to Plaintiff.

60. Accordingly, Century Mortgage, Landstar, and Prominent are jointly and severally liable to Plaintiff for damages in an amount equal to the value of the claims in Plaintiff's Third and Fourth Counts; punitive damages; and the costs of this action.

## X. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court:

61. Assume jurisdiction of this case;

62. Grant Plaintiff rescission of the December 1, 2009 transaction, including declaratory and injunctive relief rescinding the note and mortgage on their home, and finding Defendants not liable on the note or under the mortgage;

> A. An order that Plaintiff has no duty to tender any loan proceeds to Wells Fargo, but in the alternative, if tender is required, a determination of the amount of the tender obligation in light of all of Plaintiff's claims, and an order requiring Wells Fargo to accept tender on reasonable terms and over a reasonable period of time;

63. Order termination of Defendant's security interest in Plaintiff's property;
64. Grant injunctive relief enjoining Defendant from reporting any information related to this transaction to credit bureaus forever and to remove any prior reporting;
65. Award Plaintiff damages against Wells Fargo in the amount of $314.45, pursuant to 15 U.S.C. § 1640(a)(1);
66. Award Plaintiff statutory damages against Wells Fargo in the amount of $4,000, plus attorneys fees and the costs of the action, pursuant to 15 U.S.C. § 1640(a)(2);
67. Award Plaintiff damages against Wells Fargo in the amount of $64,610.62, pursuant to 15 U.S.C. § 1640(a)(2)(A)(i);
68. Award Plaintiff damages against APR in the amount of $5,513.02, plus the value of the claims in Plaintiff's First and Second Counts, in addition to attorneys fees and the costs of this action;
69. Award Plaintiff damages against Century Mortgage, Landstar, and Prominent, jointly and severally, in an amount equal to the value of the claims in Plaintiff's Third and Fourth Counts, plus punitive damages and the costs of this action;
70. Award such other relief as the Court deems appropriate.

Dated this 30th day of May, 2012.

                                              DOUCET & ASSOCIATES, LLC

                                              **/s/ Troy J. Doucet**
                                              Troy J. Doucet (0086350)
                                              *Attorney for Robert S. Blake*
                                              4200 Regent Street, Suite 200
                                              Columbus, OH 43219
                                              (614) 944-5219 Telephone
                                              (818) 638-5548 Fax
                                              Troy@TroyDoucet.com


**JURY TRIAL DEMANDED**

Plaintiff, through counsel, hereby requests a trial by jury on all triable issues, pursuant to Fed. R. Civ. P. 38(b).

                                              DOUCET & ASSOCIATES, LLC

                                              **/s/ Troy J. Doucet**
                                              Troy J. Doucet (0086350)
                                              *Attorney for Robert S. Blake*
                                              4200 Regent Street, Suite 200
                                              Columbus, OH 43219
                                              (614) 944-5219 Telephone
                                              (818) 638-5548 Fax
                                              Troy@TroyDoucet.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served upon the following parties via prepaid U.S. Mail, on this 30th day of May, 2012.

Wells Fargo Bank, N.A.
c/o CSC-Lawyers Incorporating Service
(Corporation Service Company)
50 West Broad Street
Columbus, Ohio 43215

Wells Fargo Bank, N.A.
3476 Stateview Boulevard
Fort Mill, South Carolina 29715

PROMINENT TITLE AGENCY, LLC
7681 Tylers Place Boulevard Suite 4
West Chester, Ohio 45069

APR MORTGAGE CORPORATION
5440 Northcrest Lane #9
Cincinnati, Ohio 45247

CENTURY MORTGAGE COMPANY OF KENTUCKY, dba CENTURY LENDING COMPANY
c/o CT Corporation System
1300 East Ninth Street
Cleveland, Ohio 44114

LANDSTAR TITLE, LLC
7681 Tylers Place Boulevard #3
West Chester, Ohio 45069

**/s/ Troy J. Doucet**
Troy J. Doucet (0086350)