# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

ROBERT S. BLAKE,

      Plaintiff,

                                   Civil Action 2:12-cv-00467
     v.                            Judge Gregory L. Frost
                                   Magistrate Judge Elizabeth P. Deavers

WELLS FARGO BANK, N.A., *et al.*,

      Defendants.

## REPORT AND RECOMMENDATION

Plaintiff filed this action on May 30, 2012.  (ECF No. 1.)  From the record it appears that Plaintiff has not perfected service on Defendant APR Mortgage.  On October 29, 2012, the Court entered an Order directing Plaintiff to show cause why his claims against APR Mortgage should not be dismissed for failure to timely serve pursuant to Federal Rule of Civil Procedure 4(m).  Plaintiff failed to respond to the Court's Order.  For the reasons that follow, the Undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's claims against APR Mortgage **WITHOUT PREJUDICE**.

## STANDARD

Due process requires service of process in order for a court to obtain *in personam* jurisdiction over an individual defendant.  *Sawyer v. Lexington-Fayette Urban Cnty. Gov't*, 18 Fed. App'x 285, 287 (6th Cir. 2001) (citing *Amen v. City of Dearborn*, 532 F.2d 554, 557 (6th Cir. 1976)).  For service to be effective, a plaintiff must serve a defendant within the time period set forth in Federal Rule of Civil Procedure 4(m), which provides as follows:

If a defendant is not served within 120 days after the complaint is filed, the

court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). As the language of the rule indicates, if a plaintiff fails to timely serve a defendant the court, on its own after notice to a plaintiff, must dismiss the action or extend the service time. *Id.* The court must extend service time if the plaintiff demonstrates good cause for his or her failure to timely serve the defendant. *Id.* The existence of good cause is a "discretionary determination entrusted to the district court." *Abel v. Harp*, 122 Fed. App'x 248, 251 (6th Cir. 2005); *see also Williams v. Smith*, 191 F.3d 454, 454 (6th Cir. 1999) ("The determination of whether good cause has been shown is left to the sound discretion of the district court and will not be disturbed on appeal absent an abuse of discretion."). This Court has held that it may, in its discretion, extend the service period even in the absence of good cause. *Wise v. Dep't of Def.*, 196 F.R.D. 52, 56 (S.D. Ohio 1999); *see also Sprader v. Goodson*, No. C-2-00-946, 2001 WL 506528, *5-6 (S.D. Ohio Apr. 17, 2001) (acknowledging but declining to exercise its discretion to grant additional service time in the absence of good cause).

## ANALYSIS

Plaintiff failed to respond to the Court's October 29, 2012 order directing him to show cause why his claims against APR Mortgage should not be dismissed for failure to timely make service. Plaintiff thus failed even to attempt to demonstrate the existence of good cause. Accordingly, whether to extend service time is a matter within the Court's discretion. *Wise*, 196 F.R.D. at 56. The Undersigned recommends that the Court decline to exercise its discretion to extend service time in this case. Again, Plaintiff failed to respond to the Court's show cause order. The Court should not exercise its discretion to grant an extension under these

2

circumstances.

Accordingly, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's claims against APR Mortgage **WITHOUT PREJUDICE** for failure to make timely service pursuant to Rule 4(m).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation

omitted)).

       **IT IS SO ORDERED.**

Date: December 27, 2012                      _____/s/ *Elizabeth A. Preston Deavers*_____
                                         Elizabeth A. Preston Deavers
                                         United States Magistrate Judge