IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROBERT S. BLAKE,

    Plaintiffs,                                Case No. 2:12-cv-467
                                                  Judge Gregory L. Frost
v.                                              Magistrate Judge E.A. Preston Deavers

WELLS FARGO BANK, NA, et al.,

    Defendants.

## OPINION AND ORDER

This matter is before the Court on Defendant Century Mortgage Company's (d/b/a Century Lending Company) ("Century") motion to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6) and the motion for judgment on the pleadings filed by Defendants Landstar Title, LLC("Landstar") and Prominent Title Agency, LLC ("Prominent") Fed. R. Civ. P. 12(c). (ECF Nos. 28, 33.) Both motions seek dismissal of Plaintiff's claims as against them on the basis that Ohio law does not recognize a tort claim for civil "aiding and abetting," the only claim in the Complaint that Plaintiff asserted against Century, Landstar, and Prominent. Also before the Court are Plaintiff's memoranda in opposition to both motions (ECF Nos. 34, 43) and Defendants' respective replies in support of the motions (ECF Nos. 41, 44).

For the reasons set forth below, the Court **GRANTS** Century's motion to dismiss and likewise **GRANTS** Landstar's and Prominent's motion for judgment on the pleadings. These defendants are therefore terminated as parties to this action.

                                        I.        Background

Plaintiff Robert S. Blake filed the Complaint in this action on May 30, 2012. (Compl., ECF No. 1.) The Complaint alleges that Blake executed a promissory note and mortgage on

December 1, 2009, for his principal dwelling in Westerville, Ohio. (Compl. ¶ 20.) Defendant Century was the lender in connection with that transaction, for which Defendant APR Mortgage Corporation ("APR") was Plaintiff's mortgage broker. (Compl. ¶¶ 12, 16.) Plaintiff alleges that APR, Century, Landstar, and Prominent were engaged in an "affiliate relationship" with one another at the time the loan and mortgage transaction closed on December 1, 2009, and shared in the profits of the real estate settlement. (Compl. ¶ 23.) Plaintiff further alleges that these defendants failed to inform Plaintiff of their "affiliate" relationship, meaning that all the monies exchanged between APR, Landstar, Century, and Prominent were "illegal kickbacks" in violation of 12 U.S.C. § 2607(a).[1] (Compl. ¶¶ 24-25.) And because the "illegal kickbacks" were "neither bona fide nor reasonable real estate related fees," Plaintiff alleges that Century should not have excluded the fees from its calculation of the finance charge applicable to his mortgage loan. (Compl. ¶¶ 28-32.) Century's exclusion of these fees was therefore, according to Plaintiff, a violation of the Truth in Lending Act (15 U.S.C. § 1601 *et seq.*) and Regulation Z (15 C.F.R. pt. 226). (Compl. ¶¶ 32-33.)

Plaintiff's Complaint names five Defendants: Wells Fargo Bank, NA (holder of the note and mortgage),[2] APR, Century, Landstar, and Prominent. Plaintiff asserts five claims for relief in the Complaint, but only one as against Century, Landstar, and Prominent. In the Fifth Count, Plaintiff purports to allege an Ohio law claim for "civil aiding and abetting," based on the theory that Century, Landstar, and Prominent knew that "the profit sharing and illegal kickbacks

---

[1] "No person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person." 12 U.S.C. § 2607(a).

[2] Though the Complaint does not allege it expressly, the overall context and tenor of the allegations make clear that Plaintiff is suing Wells Fargo due to Wells Fargo's status as the current holder of the note and mortgage executed by Plaintiff. For its part, Wells Fargo has filed a motion to dismiss, in which it asserts that it filed a foreclosure action against Plaintiff in state court as the holder and party entitled to enforce the note and mortgage. (Def. Wells Fargo's Mot. to Dismiss 2-3, ECF No. 24.)

connected to Plaintiff's mortgage loan transaction" were violations by APR of the Ohio Mortgage Broker Act and breaches of APR's fiduciary duty owed to Plaintiff.  (Compl. ¶¶ 57-59.)  Plaintiff therefore contends that Century, Landstar, and Prominent are "jointly and severally liable" to Plaintiff as aiders and abettors of APR's unlawful conduct.  (Compl. ¶ 60.)

Century's motion to dismiss under Fed. R. Civ. P. 12(b)(6) and Landstar's and Prominent's motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) rest their arguments for dismissal on the same legal theory.  These Defendants argue that Plaintiff's Fifth Count does not state a valid claim for relief because Ohio does not recognize a claim for "civil aiding and abetting" as a matter of law.

## II.     Discussion

The Court reviews motions to dismiss under Fed. R. Civ. P. 12(b)(6) and motions for judgment on the pleadings under Fed. R. Civ. P. 12(c) in the same manner. *Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 761 (6th Cir. 2006).  To survive either motion, a complaint must provide fair notice of what the claim is and the grounds upon which it rests, and it must set forth sufficient factual allegations suggesting that the plaintiff is entitled to relief under those claims. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  A court must construe the complaint in the light most favorable to the plaintiff and treat all well-pleaded allegations contained therein as true. *Id*. at 555–56.  The defendant bears the burden of demonstrating that the plaintiff has failed to state a claim for relief. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  If there is an absence of law to support the type of claim made, or if the facts alleged are insufficient to state a valid claim, or if on the face of the complaint there is an insurmountable bar to relief, dismissal of the action is proper. *Little v.*

*UNUM Provident Corp.,* 196 F. Supp. 2d 659, 662 (S.D. Ohio 2002) (citing *Ranch v. Day & Night Mfg. Corp.,* 576 F.2d 697 (6th Cir.1978)).

### A. Civil Aiding and Abetting Under Ohio Law

The Restatement (Second) of Torts, Section 876, provides for liability under a civil aiding and abetting theory. The substantive requirements of such a claim are that the defendant (1) knows that the primary party's conduct constitutes a breach of duty and (2) substantially assists or encourages the primary party's conduct. *See In re Nat'l Century Fin. Enters., Inc., Investment Litigation*, Nos. 2:03-md-1565, 2:03-cv-362, 2012 WL 5334027, at *17 (S.D. Ohio Oct. 26, 2012) (citing Restatement (Second) of Torts § 876(b)). Plaintiff relies on Section 876 of the Restatement as the substantive basis of his "civil aiding and abetting" claim. (Pl.'s Opp'n to Mot. to Dismiss 2, ECF No. 34; Pl.'s Opp'n to Mot. for J. on Pleadings 5, ECF No. 43.)

Century, Landstar, and Prominent argue in their motions that Plaintiff fails to state a valid claim for "civil aiding and abetting" because Ohio law does not recognize the tort. Plaintiff disputes this notion, relying heavily on the Sixth Circuit Court of Appeals' decision in *Aetna Cas. & Sur. Co. v. Leahey Const. Co.*, 219 F.3d 519 (6th Cir. 2000). In *Aetna Cas. & Sur. Co.*, the defendants appealed from a jury verdict that found them liable for, among other things, "aiding and abetting" fraud. *Id.* at 531-32. The defendants argued on appeal that the district court should have granted their motion for judgment as a matter of law on the "aiding and abetting" claim. *Id.* at 532-33. While the Sixth Circuit acknowledged that the Supreme Court of Ohio had not expressly approved Section 876 of the Restatement, the Court of Appeals noted authority for the proposition that Ohio's highest court had *implicitly* recognized the existence of the tort:

4

> As the Court of Appeals of Ohio has observed, the state's highest court "has never expressly approved Section 876 . . . ." *Andonian v. A.C. & S., Inc*., 97 Ohio App. 3d 573, 647 N.E.2d 190, 191 (Ohio Ct. App. 1994). Although that may be true, the Supreme Court of Ohio--as the *Andonian* court noted--has on at least one occasion applied Section 876(b). See *Great Cent. Ins. Co. v. Tobias*, 37 Ohio St. 3d 127, 524 N.E.2d 168, 172 (Ohio 1988) (setting forth the requirements of Section 876(b) and concluding that "the theory of joint liability for the encouragement of tortious conduct adopted by the court of appeals cannot apply to appellant under these circumstances"). By applying Section 876(b) to the facts of the case before it, the *Great Central* court implicitly indicated that it considered civil aiding and abetting a viable cause of action.

*Id.* at 533.

Accordingly, in light of what it viewed as the Supreme Court of Ohio's implicit recognition of Section 876's validity as a theory of tort liability, the court of appeals predicted that Ohio's highest court "would recognize aiding and abetting liability if squarely faced with the issue." *Id.* With that premise, the *Aetna Cas. & Sur. Co.* court went on to examine the merits of the defendants' appeal from the jury verdict finding them liable for aiding and abetting civil fraud. *Id.* at 534.

Plaintiff relies on *Aetna Cas. & Sur. Co.* to support his contention that "civil aiding and abetting" is a legally viable theory of relief in Ohio. But as Defendants point out in their motion briefing, a recent case decided by the Supreme Court of Ohio undermines Plaintiff's reliance on *Aetna Cas. Sur. Co.* In *DeVries Dairy, L.L.C. v. White Eagle Coop. Ass'n, Inc.*, 131 Ohio St. 3d 1436, 2012-Ohio-331, 960 N.E. 2d 986, the Supreme Court of Ohio accepted the following question of state law certified to it by the United States District Court for the Northern District of Ohio: "Under the applicable circumstances, does Ohio recognize a cause of action for tortious acts in concert under the Restatement (2d) of Torts, § 876?" Thus, *DeVries Dairy* squarely presented the very issue that the Sixth Circuit predicted in *Aetna Cas. & Sur. Co.* that the

5

Supreme Court of Ohio would resolve in favor of recognizing the tort. *Aetna Cas. & Sur. Co.*, 219 F.3d at 534.

The Sixth Circuit's prediction, however, proved to be incorrect. The Supreme Court of Ohio not only held that Ohio *does not* recognize a cause of action for civil aiding and abetting, it also made explicit that it "has never recognized a claim under 4 Restatement 2d Torts, Section 876 (1979)." *DeVries Dairy, L.L.C. v. White Eagle Coop. Ass'n, Inc.*, 132 Ohio St. 3d 516, 2012-Ohio-3828, at ¶ 2. The Supreme Court's unequivocal statement fatally undermines the Sixth Circuit's analysis of Ohio law in *Aetna Cas. & Sur. Co.* With the *DeVries Dairy* decision, there is now conclusive authority from Ohio's highest court that a claim for civil aiding and abetting under Section 876 of the Restatement of Torts is *not* cognizable under Ohio law. *See In re Nat'l Century Fin. Enters., Inc.*, 2012 WL 5334027, at *19 (granting summary judgment on claim for "aiding and abetting fraud" based on *DeVries Dairy*); *Sacksteder v. Senney*, 2d Dist. No. 24933, 2012-Ohio-4452, at ¶¶ 74-75 (affirming dismissal of civil aiding and abetting claim under Ohio Civil Rule 12(B)(6) for failure to state a claim in light of *DeVries Dairy*). Whatever uncertainty previously existed with regard to whether Ohio law recognized a civil "aiding and abetting claim" no longer exists: *DeVries Dairy* declined to recognize the tort, rendering Plaintiff's Fifth Claim nonexistent as a matter of law.

### B. Merits of Civil Aiding and Abetting Claim

In addition to arguing that civil aiding and abetting does not exist as a viable claim under Ohio law, Century, Landstar, and Prominent also argue that Plaintiff's Complaint fails to sufficiently plead a claim for civil aiding and abetting even if Ohio law did recognize the tort. (Def. Century's Mot. to Dismiss 7, ECF No. 28; Defs. Landstar's and Prominent's Mot. for J. on Pleadings 6, ECF No. 33.) Because the Court finds that *DeVries Dairy* establishes that Ohio law

does not, as a matter of law, recognize a claim for aiding and abetting tortious conduct, the Court need not decide whether Plaintiff's Complaint would have stated a valid claim under such a theory.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant Century's motion to dismiss (ECF No. 28) and the motion for judgment on the pleadings of Defendants Landstar and Prominent (ECF No. 33).  The Court hereby directs the Clerk of Court to terminate Century Mortgage Company of Kentucky, dba Century Lending Company, Landstar Title, LLC, and Prominent Title Agency, LLC as defendants in this action.

**IT IS SO ORDERED.**

/s/ Gregory L. Frost  
**GREGORY L. FROST**  
**UNITED STATES DISTRICT JUDGE**