IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROBERT S. BLAKE,

    Plaintiffs,                                      Case No. 2:12-cv-467
                                                        Judge Gregory L. Frost
v.                                                          Magistrate Judge E.A. Preston Deavers

WELLS FARGO BANK, NA, et al.,

    Defendants.

## OPINION AND ORDER

This matter is before the Court on Defendant Wells Fargo Bank's motion to dismiss (ECF No. 24), Plaintiff Robert S. Blake's memorandum in opposition (ECF No. 32), and Wells Fargo's reply (ECF No. 38). Wells Fargo moves to dismiss on abstention grounds or, alternatively, on the basis that Plaintiff fails to state claim upon which the Court can grant relief.

For the reasons set forth below, the Court **GRANTS IN PART AND DENIES IN PART** the motion of Wells Fargo. Abstention principles are applicable here, but dictate only a *stay* of proceedings, not an outright dismissal. And in light of this Court's decision to abstain, the Court need not (and should not) address the merits of Wells Fargo's motion to dismiss for failure to state a claim.

### I.    Background

Plaintiff Robert S. Blake filed the Complaint in this action on May 30, 2012. (Compl., ECF No. 1.) The Complaint alleges that Blake executed a promissory note and mortgage on December 1, 2009, for his principal dwelling in Westerville, Ohio. (Compl. ¶ 20.) Defendant Century Mortgage Company of Kentucky dba Century Lending Company ("Century") was the lender in connection with that transaction, for which Defendant APR Mortgage Corporation

1

("APR") was Plaintiff's mortgage broker. (Compl. ¶¶ 12, 16.) Plaintiff alleges that Defendnats APR, Century, Landstar Title, LLC ("Landstar"), and Prominent Title Agency, LLC ("Prominent") were engaged in an "affiliate relationship" with one another at the time the loan and mortgage transaction closed on December 1, 2009, and shared in the profits of the real estate settlement. (Compl. ¶ 23.) Plaintiff further alleges that these defendants failed to inform Plaintiff of their "affiliate" relationship, meaning that all the monies exchanged between APR, Landstar, Century, and Prominent were "illegal kickbacks" in violation of 12 U.S.C. § 2607(a).[1] (Compl. ¶¶ 24-25.) And because the "illegal kickbacks" were "neither bona fide nor reasonable real estate related fees," Plaintiff alleges that Century should not have excluded the fees from its calculation of the finance charge applicable to his mortgage loan. (Compl. ¶¶ 28-32.) Century's exclusion of these fees was therefore, according to Plaintiff, a violation of the Truth in Lending Act (15 U.S.C. § 1601 *et seq.*) and Regulation Z (15 C.F.R. pt. 226). (Compl. ¶¶ 32-33.)

Plaintiff's Complaint names five Defendants: Wells Fargo Bank, NA (holder of the note and mortgage), APR, Century, Landstar, and Prominent. Though the Complaint does not allege it expressly, the overall context and tenor of the allegations make clear that Plaintiff is suing Wells Fargo due to Wells Fargo's status as the current holder of the note and mortgage executed by Plaintiff. As against Wells Fargo, Plaintiff alleges two claims under the Truth In Lending Act ("TILA"): a claim seeking rescission of the note and mortgage (First Count) and a claim seeking damages against Wells Fargo for its failure to honor his notice to rescind the note and mortgage (Second Count).

---

[1] "No person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person." 12 U.S.C. § 2607(a).

Nearly three months before Plaintiff filed this action, Wells Fargo filed a foreclosure action against Plaintiff in an Ohio state court. *Wells Fargo Bank, NA v. Blake*, No. 12CVE-03-0268 (Delaware Cty. C.P. Ct. filed Mar. 9, 2012). Plaintiff filed an answer and counterclaim in the state-court action; his counterclaim alleges the same TILA claims that he pleaded in the Complaint filed in this Court. The state court foreclosure action has proceeded with discovery and, according to the court's case schedule, dispositive motions are due next month.

In this case, Wells Fargo moves to dismiss Plaintiff's Complaint against it on two grounds. First, Wells Fargo contends that this Court should abstain from exercising jurisdiction over the TILA claims. Alternatively, Wells Fargo asks the Court to dismiss the TILA claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which the Court can grant relief.

## II. Discussion

### A. Abstention

Wells Fargo posits two theories in favor of this Court abstaining from exercising jurisdiction over the claims against it. First, Wells Fargo argues that the doctrine from *Princess Lida of Thurn and Taxis v. Thompson*, 305 U.S. 456 (1939), precludes this Court from exercising jurisdiction. Second, Wells Fargo argues that the abstention principles from *Younger v. Harris*, 401 U.S. 37 (1971) and its progeny dictate dismissal of this action as against Wells Fargo.

#### 1. *Princess Lida* and *Colorado River* Abstention

In *Princess Lida*, the United States Supreme Court held that in proceedings *in rem* or *quasi in rem*, the state or federal court having custody of such property has exclusive jurisdiction to proceed. *Princess Lida*, 305 U.S. at 466. But "where the judgment sought is strictly *in personam*, both the state court and the federal court, having concurrent jurisdiction, may proceed

3

with the litigation at least until judgment is obtained in one of them which may be set up as res judicata in the other." *Id*. *See also Donovan v. Dallas*, 377 U.S. 408, 412 (1964).

Citing the principle that a foreclosure action is a proceeding *in rem*, Wells Fargo argues that *Princess Lida* calls for abstention in this case. Since the state court first acquired jurisdiction over the property in the foreclosure action, Wells Fargo argues that Plaintiff's TILA claims belong, if anywhere, in the state court action and that this Court should therefore dismiss Plaintiff's TILA claims. (Def.'s Mot. 7, ECF No. 24.) In response, Plaintiff argues that *Princess Lida* is not implicated here because his TILA claims are *in personam.* Even though he asks for rescission of the note and mortgage in his Complaint, Plaintiff argues that "[d]etermining whether Blake properly rescinded the promissory note does not require the Court to exercise jurisdiction over the property to grant judgment, nor does it result in the Court awarding possession of the property to any party." (Pl.'s Memo. Contra 3, ECF No. 32.)

This Court concludes that it must abstain from exercising jurisdiction in this case, but not based on *Princess Lida* in and of itself. Rather, the principles of *Princess Lida* inform the application of *Colorado River* abstention. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). *Colorado River* abstention addresses the circumstances in which federal courts should abstain from exercising jurisdiction due to the existence of parallel litigation in one or more state courts. Under the *Colorado River* abstention doctrine, where (1) there is "parallel" litigation pending in state court, and (2) the proposed litigation in federal court would be duplicative or unwise, the federal court should abstain. *Id*. at 817-818; *Bates v. Van Buren Twp.*, 122 F. App'x 803, 806-07 (6th Cir. 2004).

The threshold question in *Colorado River* abstention is whether there are parallel proceedings in state court. *Id.* at 806. The state court proceedings need not be identical, merely

"substantially similar." *Romine v. Compuserve Corp.*, 160 F.3d 337, 340 (6th Cir. 1998). There is also no requirement that the parties in the state court proceedings be identical to those in the federal case. *Bates*, 122 F. App'x at 806 (citing *Heitmanis v. Austin*, 899 F.2d 521, 528 (6th Cir. 1990)).

It cannot be seriously denied that the state foreclosure action is a "parallel proceeding" to this one. In the foreclosure action, Wells Fargo is seeking to enforce the note and mortgage that Plaintiff is trying to rescind in this case. Tellingly, Plaintiff has also asserted his TILA claims as counterclaims in the state-court foreclosure action. Plaintiff is trying to not only assert affirmative TILA claims in the state-court action, but is also, in essence, using the alleged TILA violations as a defense to foreclosure in the state court. Under these circumstances, the Court finds no problem finding that the state foreclosure action is a parallel proceeding. *See Beepot v. J.P. Morgan Chase Nat'l Corp. Servs., Inc.*, No. 3:10-cv-423, 2011 U.S. Dist. LEXIS 113124, at *26 (M.D. Fla. Sept. 30, 2011) (finding issues raised in federal TILA suit to be parallel to foreclosure action brought in state court for purposes of *Colorado River* abstention).

Having established that there are parallel state proceedings, the Court must next examine whether judicial economy warrants abstention. In making this determination, the Court must apply the following factors that the Sixth Circuit has summarized from *Colorado River* and its progeny:

> (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; and (4) the order in which jurisdiction was obtained. . . . (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and, (8) the presence or absence of concurrent jurisdiction.

*Romine*, 160 F.3d at 340-41 (citations omitted). These factors are not a "mechanical checklist" but, rather, factors that the Court must carefully balance as they apply in a given case. *Id.* at 341.

The balancing in this case tips in favor of abstention. Most significantly, the Ohio state court has assumed jurisdiction of the property, satisfying arguably the most important factor given the subject matter of this litigation. *See Beepot*, 2011 U.S. Dist. LEXIS 113124, at *29; *see also United States v. Fairway Capital Corp.*, 483 F.3d 34, 40 n.2 (1st Cir. 2007) (treating the *Princess Lida* doctrine as part of the first factor of a *Colorado River* abstention analysis). While the second factor is neutral—the Court cannot say that the federal forum is "less convenient" than the state court forum—the third factor, avoidance of piecemeal litigation, certainly favors abstention. Should both this action and the state action continue to proceed independently, there is a risk of inconsistent results, "which would throw the ownership of the subject property in turmoil." *Beepot*, 2011 U.S. Dist. LEXIS 113124 at *31. The fourth and seventh factors also favors abstention, as the state court action was the first one filed and Plaintiff has asserted his TILA claims there. Moreover, the state court was filed on March 9, 2012, nearly three months before Plaintiff filed this action. The state-court action has proceeded with discovery and dispositive motions are due next month.[2]

The fifth factor arguably cuts against abstention because federal law is the source of the governing law for Plaintiff's claims. But the eighth factor favors abstention: while the governing law for Plaintiff's TILA claims is federal law, the state court has concurrent jurisdiction over TILA claims and Plaintiff has been able to assert them as counterclaims in the foreclosure action. *See* 15 U.S.C. § 1640(e). Indeed, the fact that there is concurrent jurisdiction between the state

---

[2] The Court may take judicial notice of state court records. *Lyons v. Stovall*, 188 F.3d 327, 333 n.3 (6th Cir. 1999).

and federal courts evinces a policy favoring abstention. *See Beepot*, 2011 U.S. Dist. LEXIS 113124, at *33.

Balancing the *Colorado River* factors, the Court finds that abstention is appropriate. The Plaintiff's TILA claims belong, for the moment, in state court and should be adjudicated there. The Court will therefore abstain under *Colorado River* from exercising jurisdiction over Plaintiff's TILA claims. While Wells Fargo moves to *dismiss* this case on abstention grounds, however, the Court declines to do so. Under Sixth Circuit precedent, *Colorado River* abstention requires a district court to *stay*—not dismiss—an action pending the outcome of the parallel state case. *Bates*, 122 F. App'x at 809; *see also Howard v. Wells Fargo Home Mortgage*, No. 3:11-cv-116, 2011 U.S. Dist. LEXIS 96877 (S.D. Ohio Aug. 8, 2011).

### 2. *Younger* Abstention

Alternatively, Wells Fargo also argues that *Younger* abstention applies here and militates in favor of dismissal. Under the *Younger* abstention doctrine, a federal court may not grant "injunctive or declaratory relief that would interfere with" state judicial proceedings pending at the time that a federal complaint is filed. *O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008) *Younger* abstention is appropriate if: (1) there are ongoing state proceedings; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the State." *Younger*, 401 U.S. at 44.

Wells Fargo argues that all three factors are present here. There is an ongoing state foreclosure proceeding in which Plaintiff is able to raise his federal claims. And a state

7

foreclosure matter implicates important state interests. *See Doscher v. Menifee Circuit Court*, 75 F. App'x 996, 997 (6th Cir. 2003). While all of this might be true on a surface level, the Court concludes that *Younger* abstention does not apply in this context.

Nearly three years ago, the Sixth Circuit Court of Appeals observed that *Younger* is supposed to apply to a specific category of cases:

> *Younger* cases generally have a common procedural posture:
>
>> In the typical *Younger* case, the federal plaintiff is a defendant in ongoing or threatened state court proceedings seeking to enjoin continuation of those state proceedings. Moreover, the basis for the federal relief claimed is generally available to the would-be federal plaintiff as a defense in the state proceedings.
>
> *Crawley v. Hamilton County Comm'rs*, 744 F.2d 28, 30 (6th Cir. 1984). Therefore, *Younger* does not apply when "the federal plaintiffs are also plaintiffs in the state court action" and "the plaintiffs are not attempting to use the federal courts to shield them from state court enforcement efforts." *Id.*

*Devlin v. Kalm*, 594 F.3d 893, 894-95 (6th Cir. 2010) (emphasis omitted). Accordingly, in *Devlin*, the Sixth Circuit found *Younger* abstention inapplicable because Devlin was the plaintiff in both the state and federal proceedings and because he did "not seek to enjoin the state proceedings or otherwise use the federal court to shield him from state enforcement efforts." *Id.* at 895.

Similarly, *Younger* abstention does not fit the procedural posture before the Court in this case. Plaintiff does not seek to enjoin the state proceedings or otherwise use the federal court to enjoin state enforcement efforts. Based on the Sixth Circuit's recent pronouncement in *Devlin*, applying *Younger* here would be to misapply the doctrine.

Wells Fargo cites *Goolsby v. Deutsche Bank*, No. 1:12-cv-00118, 2012 U.S. Dist. LEXIS 57726 (N.D. Ohio Apr. 25, 2012), for the proposition that *Younger* abstention applies and mandates dismissal in this context. Indeed, in *Goolsby*, the Northern District of Ohio applied

*Younger* abstention to dismiss a case in which a plaintiff attempted to assert numerous claims (including TILA claims) in a federal court action while there was an ongoing state foreclosure proceeding. *See id.* at *10-11. The Court declines to follow *Goolsby*, however, in light of the Sixth Circuit's description in *Devlin* of the limitations to the reach of *Younger*. Further, in any event, *Goolsby* is distinguishable in that the *Goolsby* plaintiff was trying to enjoin the state foreclosure proceedings; Plaintiff is not trying to do that in this case.

The applicable abstention doctrine in this case is *Colorado River*, not *Younger*. The Court therefore stays the action as against Wells Fargo pending the outcome of the state court proceedings.

### B. Motion to Dismiss for Failure to State a Claim

In addition to moving for dismissal on abstention grounds, Wells Fargo moves in the alternative to dismiss the TILA claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which the Court can grant relief. In light of this Court's determination that *Colorado River* abstention applies, it would be inappropriate for the Court to address the Rule 12(b)(6) branch of Wells Fargo's motion. Doing so would address the merits of Plaintiff's claims, which is inconsistent with abstention. *Stone v. Wall*, 135 F.3d 1438, 1441 n.3 (11th Cir. 1998).

### III. Conclusion

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Defendant Wells Fargo Bank's motion to dismiss (ECF No 24). The Court finds that abstention is appropriate, but that a stay of proceedings against Wells Fargo is the appropriate procedural course rather than dismissal.

Accordingly, this Court **STAYS** proceedings on the first and second counts of the Complaint pending the outcome of the state court foreclosure action.  The parties shall keep the Court advised of the status of the state court foreclosure action.

**IT IS SO ORDERED.**

<u>/s/ Gregory L. Frost</u>
**GREGORY L. FROST**
**UNITED STATES DISTRICT JUDGE**
